JOSIAH HUNTOON v. JEREMIAH DOW, *trustee of* DAVID B. JONES AND LUCIUS DOW.

*Trustee process. . Partnership and individual creditors.*

If a partner transfers to his creditor, in payment of his individual debt, a promissory note of the firm, such note, or the money collected upon it, cannot, especially if there was no bad faith in the transaction, be attached and holden by the creditors of the firm by the trustee process. And if there was bad faith in the transaction, the property could be reached by the partnership creditors only in a court of equity.

TRUSTEE PROCESS. It appeared from the disclosure and other testimony that the principal defendants were partners under the name of Jones & Dow, that they dissolved their partnership in 1850, at which time they were largely indebted to the trustee, who was the father of Lucius Dow, and also his individual creditor to a large amount. Soon after the dissolution Lucius Dow, who had the general charge of closing the partnership business, transferred to his father, the supposed trustee, several promissory notes which the firm held against different individuals to be applied and which were applied upon the demands which he held against both the firm and against Lucius Dow individually. Jones had no knowledge of this transaction at the time, but was informed of it soon after and made no objection to it, but he did not give his assent to it unless it was by his silence; but he subsequently and repeatedly made the general claim that partnership property ought to pay the partnership debts. Jones had a short time previously, with the assent of Dow, appropriated to his individual use notes of the firm to a larger amount than those used by Dow in providing for his individual indebtedness to his father; and Dow, as an offset to the notes so taken by Jones, assumed the responsibility of taking those used by himself upon his individual indebtedness, and he charged them to himself upon the company books and endorsed them to himself with the name of the firm, and then endorsed them personally to his father. At this time the firm were in fact insolvent, but they were not generally so regarded until some time after. The amount of the notes originally belonging to the firm which the trustee received upon his claim against Lucius Dow was three hundred and fifty-eight dollars and three cents, but it appeared

that he had failed to realize a considerable amount upon one of the notes taken towards his claim against the firm in consequence of an offset the signer had on account of paying a note to a third person which he had signed as surety for the firm; and, making the proper allowance for that, the money he had received exceeded his claim against the firm only to the amount of eighteen dollars and sixty-eight cents.

Upon these facts the county court, March Term, 1856,— PIER-POINT, J., presiding,— decided that the trustee was not chargeable, to which decision the plaintiff excepted.

*E. Edgerton,* for the plaintiff, cited *Washburn et al.* v. *Bank of Bellows Falls,* 19 Vt. 278.

*E. Fisher, Jr.,* for the trustee.

The opinion of the court was delivered by

REDFIELD, CH. J. In regard to the liability of the trustee it was held in *Barker* v. *Estes,* 19 Vt. 131, that he could only be held liable for such credits as he held of the principal debtor in a fiduciary relation, and which were intrusted to him by way of contract, express or implied, to restore the same to the principal debtor.

Now there is no possible ground of claiming any such liability here. The claim, in argument, is put upon the ground, if we correctly understand the counsel, that it was a virtual fraud in the trustee to accept of these partnership notes upon his individual debt. But it seems to us the evidence of any such fraud is slight indeed. It certainly was not *known* at the time the trustee took the notes that the partnership was insolvent. And all but about eighteen dollars of the money collected by the trustee has gone to liquidate what were originally and equitably the partnership liabilities, and in regard to that there is not the slightest ground of claim that any fraud was intended or committed. And the idea that the eighteen dollars was applied to individual debts in bad faith is highly improbable.

But if the proof of fraud were more satisfactory we do not think the fraud could be reached by the creditors in this mode. It should be done by some proceeding which would settle the

whole matter as to all concerned. This could only be done in a court of equity.

The legal title to the notes passed by the endorsements to the trustee. And this being a species of property passing from hand to hand by delivery cannot be pursued and recalled except in a court of equity, even if a trust could be attached to it, so that upon both grounds we think the trustee is not liable here.

Judgment affirmed.